# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SADDAM ABDULLAH,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 19-5988** |
| | : | |
| **BLANCHE CARNEY et al.,** | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion to Dismiss of Blanche Carney, John Delaney, Edward Miranda, Sergeant Miles and Seargeant Lebesco, it is **HEREBY ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that all claims against Blanche Carney, John Delaney, Edward Miranda, Sergeant Miles and Seargeant Lebesco are **DISMISSED**.

BY THE COURT:

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SADDAM ABDULLAH,** : <br>         **Plaintiff,** : <br> : <br> v. : <br> : <br> **BLANCHE CARNEY et al.,** : <br>         **Defendants.** : | Civil Action <br> No. 19-5988 |

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, Blanche Carney, John Delaney, Edward Miranda, Sergeant Miles and Seargeant Lebesco (collectively "Defendants"), hereby file this Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court dismiss Plaintiff's Complaint as set forth below.

Date: November 19, 2020          Respectfully submitted,

/s/ Jenna L. Jankowski
Jenna L. Jankowski
Assistant City Solicitor
Pa. Attorney ID No. 326752
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
jenna.jankowski@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADDAM ABDULLAH,                      :<br>               Plaintiff,     :<br>                                       :<br>        v.                            :<br>                                       :<br>BLANCHE CARNEY et al.,                 :<br>               Defendants.    : | Civil Action<br>No. 19-5988 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff Saddam Abdullah has filed a complaint against Philadelphia Department of Prisons ("PDP") employees Blanche Carney, John Delaney, Edward Miranda, Sergeant Miles and Sergeant Lebesco (collectively "Defendants") for alleged violations of his civil and statutory rights under 42 U.S.C. § 1983. Plaintiff's claims must be dismissed because Plaintiff has failed to plead adequate *facts* supporting them. Accordingly, this Court should dismiss Plaintiff's Complaint.

**I.   BACKGROUND AND CASE SUMMARY**

On December 18, 2019, Plaintiff filed his initial complaint in this matter (Doc. No. 3). Following Plaintiff's filing of his complaint, this Court dismissed Plaintiff's claims against the Defendants in their official capacities, claims based on denial of outdoor exercise and claims based on censorship, destruction, or other interference with Plaintiff's mail. (Doc. No. 8). Plaintiff was permitted to proceed on his claim challenging his placement in administrative segregation.

Plaintiff alleges that on or about August 27, 2019, while he was incarcerated at Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, he was moved from general population

to administrative segregation by Sergeant Miles and Sergeant Lebesco. (Compl. ECF No. 3 at 1). Plaintiff filed grievances with Deputy Warden Miranda about his placement in administrative segregation and his lack of access to mail and outdoor recreation. He claims Warden Delaney and Commissioner Carney received notice of those grievances. He alleges Defendants "collectively conspired to disregard [his] First and Fourteenth Amendment Constitutional rights by agreeing to keep [Abdullah] under inhumane conditions, under false and fraudulent allegations and false representations that there was an ongoing internal affairs investigation." *See id.* at 14.

## II. STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III. ARGUMENT

**A. Plaintiff's Claims Against Defendants Carney, Delaney and Miranda Must be Dismissed Because none of these Individuals Were Actually Involved in the Events Giving Rise to this Lawsuit.**

The Court should dismiss all claims as to Defendants Blanche Carney, John Delaney, Edward Miranda, Sergeant Miles and Sergeant Lebesco because despite making generic and

conclusory averments as to their involvement in causing his alleged harms, Plaintiff fails to set forth any *facts* actually connecting these defendants with the alleged incident. A plaintiff cannot sustain a § 1983 claim without averring the existence of each defendant's personal involvement in the actions giving rise to the complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id.* Therefore, a plaintiff cannot survive a motion to dismiss by merely making conclusory allegations of personal involvement. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (holding that an allegation that supervisors "told [police officers] to do what they did" was conclusory and failed to state a claim).

Although Plaintiff generically attributes his detention in the administrative segregation unit at CFCF and the conditions in that unit to the Defendants, Plaintiff does not allege actual *involvement* by the Defendants in the decision to place Plaintiff in the administrative segregation unit.

As to Defendants Miranda, Delaney and Carney, Plaintiff asserts he filed grievances to Defendant Miranda, which "Delaney and Carney also reviewed" concerning his mail, lack of outdoor exercise and "wrongful confinement in administrative segregation". (Compl. ECF No. 3 at 14). Plaintiff does not plead that any of these individuals dictated that he be housed in the administrative segregation unit. With respect to Delaney, Plaintiff pleads no facts as to any actions he took to contribute to his alleged harms. Delaney was merely copied on Carney's response to Plaintiff's grievance. And although Plaintiff contends Carney and Miranda reviewed Plaintiff's grievance and informed him that he would "remain in segregated housing until the outcome of an internal affairs investigation," Plaintiff pleads no facts suggesting that Defendants Carney and/or

Miranda actually took any actions to contribute to his alleged harms. (Compl. ECF No. 3 at page 4). As to Sergeants Miles and Lebesco, Plaintiff merely states that those Defendants "ordered Plaintiff to be sent" to administrative segregation. (Compl. ECF No. 3 at 9). Although Plaintiff claims these Defendants "ordered" him to be moved, there is no factual allegation made that Miles and/or Lebesco were involved with Plaintiff's detention in administrative segregation outside of moving him there from his previous housing assignment. In short, these allegations are conclusory and boilerplate and therefore should be dismissed.

> **B.     Plaintiff Fails to State a Claim for Civil Conspiracy as to Defendants Carney, Delaney and Miranda.**

Plaintiff fails to allege any facts to support his claim for civil conspiracy. "To prove a civil conspiracy, it must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). Plaintiff accuses Defendants of "collectively conspir[ing] to disregard [his] First and Fourteenth Amendment Constitutional rights by agreeing to keep [Abdullah] under inhumane conditions, under false and fraudulent allegations and false representations that there was an ongoing internal affairs investigation." (Compl. ECF No. 3 at 14). In doing so, Plaintiff has failed to allege a single fact to support this claim. As such, Plaintiff's conspiracy claim must be dismissed with respect to all Defendants.

> **C.     Plaintiff Fails to State a Claim for Improper Placement in Administrative Segregation**

As this Court previously noted when it dismissed Plaintiff's initial complaint, "[d]etention officials' restrictions on pretrial detainees will constitute punishment prohibited by the Due

Process Clause when: (1) "there is a showing of express intent to punish on the part of [those] [ ] officials"; (2) "the restriction or condition is not rationally related to a legitimate non-punitive government purpose," i.e., "if it is arbitrary or purposeless"; or (3) "the restriction is excessive in light of that purpose."  June 17, 2020 Memorandum, Baylson, J. (Doc. No. 7) (citing *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017) (remaining citations and alterations in original)). (Doc. No. 7). In other words, if officials can articulate a legitimate managerial concern for placement of the detainee in restricted housing, a substantive due process claim is foreclosed. *Stevenson*, 495 F.3d at 69 ("Although the substantive and procedural due process evaluations are distinct, a showing by the prison officials that a restrictive housing assignment is predicated on a legitimate managerial concern and is therefore not arbitrary or purposeless, will typically foreclose the substantive due process inquiry").

Here, Plaintiff simply alleges no *facts* to support a due process violation.  He never pleads whether he posed a risk of harm to other inmates or staff at the institution, nor does he mention the stated reason for his placement in administrative segregation.  Absent *any facts* indicating that he should *not* have been placed in administrative segregation or that he was placed there for an impermissible purpose, Plaintiff simply has not stated a claim for relief.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's claims should be dismissed with prejudice as set forth herein.

Date: November 19, 2020

Respectfully submitted,

<u>/s/ Jenna L. Jankowski</u>
Jenna L. Jankowski
Assistant City Solicitor
Pa. Attorney ID No. 326752
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5443 (phone)
215-683-5397 (fax)
jenna.jankowski@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADDAM ABDULLAH, : | |
|         Plaintiff, : | |
| : | Civil Action |
| v. : | No. 19-5988 |
| : | |
| BLANCHE CARNEY et al., : | |
|         Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss Plaintiff's Complaint was filed via the Court's electronic filing system and is available for downloading.

I also certify that a copy has been served on the below date upon the Plaintiff by certified mail, as follows:

Saddam Abdullah
1024989
CFCF
7901 State Road
Philadelphia, PA 19136
*Appearing pro se*

Date:  November 19, 2020           Respectfully submitted,

                                                /s/ Jenna L. Jankowski
                                                Jenna L. Jankowski
                                                Assistant City Solicitor
                                                Pa. Attorney ID No. 326752
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                215-683-5443 (phone)
                                                215-683-5397 (fax)
                                                jenna.jankowski@phila.gov