IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADDAM ABDULLAH,<br>    Plaintiff,<br><br>    v.<br><br>BLANCHE CARNEY, et al.,<br>    Defendants. | CIVIL ACTION NO. 19-5988 |

## ORDER

Plaintiff filed a § 1983 case against employees of the Philadelphia Department of Prisons. (ECF 3.) This Court previously dismissed several of Plaintiff's claims but allowed the case to move forward on the claim challenging Plaintiff's placement in administrative segregation. (ECF 8.) Specifically, Plaintiff alleges that in connection with an alleged move from general population to administrative segregation, Defendants "collectively conspired to disregard [his] First and Fourteenth Amendment Constitutional rights by agreeing to keep [him] under inhumane conditions, under false and fraudulent allegations and false representations that there was an ongoing internal affairs investigation." (Compl. 2, ECF 3.)

Defendants have moved to dismiss for failure to state a claim under Rule 12(b)(6). (Mot. to Dismiss, ECF 15.) Defendants make three main arguments in support of dismissal. First, that the claims against Defendants Carney, Delaney, and Miranda must be dismissed because none of them were involved in the events giving rise to the lawsuit, and Plaintiff has pleaded no facts connecting them with any alleged incident or harm. (Id. at 4–6.) Second, that Plaintiff failed to state a claim for civil conspiracy against Defendants Carney, Delaney, and Miranda. (Id. at 8.) And finally, that Plaintiff fails to state a claim for improper placement in administrative

1

segregation, because he has not pled facts indicating that this placement was inappropriate. (Id. at 7.)

A copy of the Motion to Dismiss was served on Plaintiff—who is pro se—by certified mail, but he has not responded in opposition. Based on submissions from the United States Marshals Service, it appears that Plaintiff was released from prison on October 13, 2020, and no new address for Plaintiff was provided. (ECF 14.) The Motion to Dismiss was filed shortly afterwards on November 19, 2020. (ECF 15.)

Considering the Defendants' Motion and Memorandum in Support, the Marshals' inability to serve or locate Plaintiff at a new address, and Plaintiff's failure to respond to the Motion, the Court will **GRANT** Defendants' Motion to Dismiss without prejudice.

**BY THE COURT:**

**Dated: 5/5/2021**          /s/ MICHEAL M. BAYLSON

     **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 19\19-5988 Abdullah v Carney\19cv5988_20210505_order re MTD.docx